**MISIMOA MOORS JR., a Minor by MISIMOA MOORS,
His Guardian Ad Litem, Appellant**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee**

High Court of American Samoa
Appellate Division

AP No. 9-91

March 12, 1992

Before KRUSE, Chief Justice, RICHMOND, Associate Justice,
MALAETASI,[*] Acting Associate Justice, LOGOAI, Associate Judge,
and MAILO, Associate Judge.

Counsel: For Appellant, Gata E. Gurr
 For Appellee, Richard D. Lerner, Assistant Attorney
 General

The sole issue on appeal is whether the trial court's award of
damages, in the sum of $20,000 for the loss of vision in one eye, is
inadequate. Appellant's principal contention is "that the value of an eye
should not be dependent on the cost of living in the place of residence of
the injured . . . it should be the same for everybody anywhere in the
world." Appellant's Brief at 3-4. Appellant argues that the trial court
should have been guided by awards rendered in other American
jurisdictions, and he cites a selective number of cases from state
jurisdictions.

This is a normative argument. Not only have the damages

---

[*] The Honorable Malaetasi Togafau, District Judge, District Court
of American Samoa, serving by designation of the Secretary of the
Interior.

awards in lost vision cases varied notably from case to case, see e.g. Annotation, Excessiveness or Adequacy of Damages - Awarded for Injuries to, or Conditions Induced in, Sensory or Speech Organs and Symptoms, 16 A.L.R.4th 1127, 1211 (1982), but "factors affecting damages are subject to wide variations between (sic) jurisdictions." Leoso v. Seumalo, AP No. 37-84, slip op. at 2 (1984). As the Court recently explained in Kim v. Star-Kist Samoa, 8 A.S.R.2d 146, 151 (1988):

> The disparity [in damage awards] from place to place is accounted for by many factors, including variations in the amount of goods and services that money can buy and in social attitudes toward pain. That trial judges in American Samoa tend to award lesser sums than those in Texas or California no more suggest that awards in Samoa should be higher than that those in Texas should be lower.

Looking at the individual circumstances of the case before us, we cannot say that the award for the particular injuries suffered by appellant's son and their effect upon him, was an abuse of the court's discretion as the trier of fact. We AFFIRM.